1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11   JOSEPH LAVERY,                    )   Case No. 11cv1418-WQH (BLM)
                                       )
12                   Petitioner,       )   **ORDER DENYING PETITIONER'S**
                                       )   **MOTION FOR: (1) ORDER TO SHOW**
13   v.                                )   **CAUSE; (2) DISCOVERY;**
                                       )   **(3) EVIDENTIARY HEARING; AND**
14                                     )   **(4) APPOINTMENT OF COUNSEL**
     VIMAL SINGH, Acting Warden, et al.,)
15                                     )   [ECF No. 3]
                     Respondent.       )
16   _____ )

17                         **<u>BACKGROUND</u>**

18          On June 27, 2011, Petitioner Joseph Lavery, a state prisoner who is proceeding *pro*

19   *se* and *in forma pauperis*, commenced these habeas corpus proceedings pursuant to 28

20   U.S.C. § 2254.  ECF No. 1.  In a motion filed concurrently with his Petition, Petitioner

21   requests an order to show cause, discovery, an evidentiary hearing, and appointment of

22   counsel.  ECF No. 3.  Therein, Petitioner explains that he requires the assistance of counsel

23   because he suffers from various mental illnesses and deficiencies and another inmate has

24   had to help him prepare his habeas filings.  <u>Id.</u> at 5.  In support of this claim, he directs the

25   Court to the psychiatric and medical records attached to his Petition as Exhibit C and cites

26   to <u>Allen v. Calderon</u>, 408 F.3d 1150, 1153-54 (9th Cir. 2005).  The medical records are from

27   1992 and 1994.  Petitioner did not submit any evidence, information, or medical records

28   supporting his argument that he **currently** is suffering from a mental illness that prevents

1  him from understanding and responding to court orders.  ECF No. 1-1, Exh. C.  & ECF No.

2  3.

3        Since it was unclear whether there was substantial evidence of **current**

4  incompetence requiring a competency hearing, the Court ordered Petitioner to file a

5  pleading by September 14, 2011 that contained any and all "evidence, facts, and medical

6  records supporting his claim that (1) he currently is suffering from a mental illness and (2)

7  the mental illness prevents him from being able to understand and respond to Court orders."

8  ECF No. 8.  Petitioner was told that the additional information could "include declarations

9  signed under penalty of perjury by Petitioner, other inmates, and medical personnel having

10  personal knowledge of Petitioner's incompetence, in addition to **recent** institutional medical

11  and psychiatric records."  Id. (emphasis in original).  Respondent was ordered to respond

12  to Petitioner's motion and "include the results of Respondent's independent investigation

13  into Petitioner's competence, including relevant medical records, as well as legal argument."

14  Id.

15        Petitioner did not file any response by the September 14, 2011 deadline.   In

16  accordance with the Order, Respondent filed a response to Petitioner's motion on October

17  5, 2011.  ECF No. 10.  On October 21, 2011, Petitioner filed an untimely "Reply Response

18  to Respondent's Notice of Supplemental Evidence and Briefing on the Petitioners Motion for

19  Appointment of Counsel."  ECF No. 12.  However, Plaintiff did not include any additional

20  exhibits, facts, or medical records in support of his claims.  Id.   Petitioner states that he

21  was unable to obtain (and Respondent failed to produce)  additional relevant medical

22  records from community hospitals, the Department of Mental Health ("DMH") records from

23  Atascadero Community Hospital, and the United States military[1].  Id. Petitioner asks the

24  Court to: (1) grant an evidentiary hearing on competency; (2) grant appointment of counsel

25  in the interest of justice; and (3) direct Respondent to produce and lodge mental health

26  records from the United States military and DMH records from Atascadero Community

27  ─────────────────

28        [1]Petitioner states that he was unable to obtain the additional records, but he does not explain what
      attempts he made to get these records or why the attempts were unsuccessful.

1   Hospital as historical proof of mental diseases/disorders.  Id. at 3.

2                                       **DISCUSSION**

3           Respondent argues that an examination of Petitioner's available medical records

4   indicates that Petitioner does not currently suffer from any mental illness and, therefore,

5   Petitioner's motion should be denied.  ECF No. 10-1 at 2.  Respondent notes that in 2001

6   Petitioner was found to be "exaggerating, if not completely feigning severe cognitive

7   dysfunction" after complaining of auditory hallucinations and suicidal ideations, and that in

8   Petitioner's most recent evaluation from March 10, 2004, a psychiatrist found Petitioner to

9   be malingering and released him from mental health services because Petitioner "did not

10  suffer from a mental illness and did not need psychiatric treatment."  Id. at 3 (quoting

11  Lodgment 3 at 33-35 and citing Lodgment 5 at 14-15).

12          In his pleadings, Petitioner contends that he needs to have counsel appointed

13  because "he currently suffers from mental disease and disorder" and is unable to understand

14  and handle the current litigation due to his mental illness.  ECF No. 12 at 2, 4; ECF No. 3

15  at 3-4.  However, Petitioner does not provide any recent medical records supporting this

16  statement and admits that he "has refused and declined treatment for years."  ECF No. 12

17  at 2.

18  **A.   PETITIONER'S   REQUEST   FOR   AN   EVIDENTIARY   HEARING   AND**

19  **       APPOINTMENT OF COUNSEL**

20          The Ninth Circuit Court of Appeals has held that a district court must hold a

21  competency hearing "when substantial evidence of incompetence is presented."  Allen, 408

22  F.3d at 1153.  If a competency hearing is warranted, the Court must appoint counsel for the

23  limited purpose of representing the petitioner at the competency hearing.  See Rule 8(c) of

24  the Rules Governing Section 2254 Cases ("[i]f an evidentiary hearing is warranted, the judge

25  must appoint an attorney to represent a petitioner who qualifies to have counsel appointed

26  under 18 U.S.C. § 3006A(g)").  Although the Allen court did not specify what constitutes

27  "substantial evidence" of incompetence or what is the "appropriate standard," it gave some

28  guidance.   In determining whether Petitioner has presented "substantial evidence of

1   incompetence," the Court may consider any appropriate evidence including sworn

2   declarations by Petitioner or other inmates, sworn declarations or letters from treating or

3   prison psychiatrists or psychologists, and relevant medical records. Id. at 1151-53.

4   　　　In Allen, the petitioner submitted his sworn declaration and a declaration from a

5   fellow inmate which stated that Allen was mentally impaired and did not understand the

6   court's orders. Id. at 1151. He also submitted a letter from a prison psychiatrist which

7   stated that Allen was in the Enhanced Outpatient Program ("EOP") at the prison, had been

8   "diagnosed with Chronic Undifferentiated Schizophrenia and [was] taking two psychotropic

9   medications." Id. at 1151-52. Allen filed a second declaration in support of his motion for

10  appointment of counsel in which he stated that he suffered from a "'debilitating mental

11  illness that requires a course of treatment that includes the use of various psychotropic

12  medications'" and that the mental illness combined with the medications "'severely [hinder]

13  his ability to comprehend or correctly respond to the determinations and Orders made by

14  the Court.'" Id. at 1152. The Ninth Circuit concluded that this was sufficient to require the

15  district court to make a determination as to Allen's competency by appointing counsel and

16  conducting a competency hearing. Id. at 1153-54.

17  　　　Here, Petitioner has failed to submit substantial evidence of incompetence in support

18  of a competency hearing.  The only evidence of Petitioner's incompetence is Petitioner's

19  declaration, signed under penalty of perjury, stating that Petitioner:

20  　　　　is suffering from organic dementia, organic hallucination, schizophrenia
    　　　　disorder, organic affective disorder, oranic [sic] personabity [sic] disorder due
21  　　　　to a severe head injury suffered in the U.S. Navy in 1981 and Petitioner has
    　　　　been committed to various (DMV) mental state hospitals (i.c. Metropolitan
22  　　　　DMH, Atascadero DMH, Patton DMH, etc.) and continues to suffer today within
    　　　　the (CDCR) state prison
23
24  and outdated medical records that do not speak to his current mental state.  ECF No. 1, Exh.

25  C. & ECF No. 3 at 5.  The medical records that Petitioner submitted include a psychiatric

26  evaluation from August 12, 1994 in which Dr. G. Jayasinghe of Metropolitan State Hospital,

27  diagnosed Petitioner as having schizoaffective disorder, bipolar type, organic personality

28  disorder, and a past history of psychoactive substance abuse and dependance (alcohol,

1  amphetamine, and marijuana).  ECF No. 1-1 at 32.  Despite these diagnoses, Dr. Jayasinghe

2  did not find that Petitioner was significantly impaired intellectually, noting that "the patient

3  is presently functioning at about normal or impaired level of intellectual functioning." Id.

4  at 29.  A September 1994 evaluation by the same doctor contained similar findings and

5  noted that Petitioner was "functioning at normal to mildly impaired level of intellectual

6  functioning." Id. at 36.

7       The records submitted by Petitioner also include a March 20, 1992 neurologic

8  consultation by Dr. John M. Coyle, a staff neurologist.  Id. at 39.  Dr. Coyle ordered

9  additional medical testing, but found that Petitioner was alert and oriented and did not

10 discuss any serious mental limitations.  Id.  These records do not support Petitioner's

11 contention that he is **currently** incompetent and unable to litigate his case.  The Court

12 provided Petitioner with the opportunity to provide additional, more recent medical records

13 and Petitioner failed to do so.  ECF No. 12.  In his declaration, Petitioner admits that he is

14 not currently receiving treatment or taking any medication for a mental disorder because

15 he has chosen to "self heal" due to his dislike of counseling, group therapy, and medication.

16 Id. at 4.

17      In his filing, Respondent discusses the most current medical records on file for

18 Petitioner.  These records include a May 21, 2002 psychological review by Dr. Garrett Essres

19 in which Dr. Essres states that a previous doctor found that Petitioner "presents with a very

20 odd combination of psychiatric symptoms and signs that do not really conform to a

21 documented psychiatric pattern and are most suggestive of malingering."  Lodgment 3 at

22 33.  Dr. Essres also noted that a previous evaluation of Petitioner found that Petitioner was

23 "claiming memory loss far in excess of that shown by those with authentic symptoms" and

24 it was concluded that Petitioner "was exaggerating symptoms of memory loss."  Id. at 34.

25 The review further noted that Petitioner had previously "filed a well written appeal in a

26 federal court claiming that he was kidnaped at the San Ysidro border" and "submitted and

27 won a rather eloquent 602 inmate appeal" in October 2001 which included calculations and

28 was written quite well.  Id. at 34-35.  Dr. Essres concluded that:

1
2
3
4
5
6
7

Mr. Lavery has a rather consistent pattern of exaggerating mental illness and cognitive dysfunction.  In addition, he displays extremely severe cognitive dysfunction to evaluators and simultaneously in other settings demonstrates high cognitive functioning level.  It is without a doubt Mr. Lavery is exaggerating, if not completely feigning severe cognitive dysfunction. He does not appear to meet the developmental disability criteria.  On the other hand, it is clear that he exaggerates and may use mental health symptoms at times to gain advantage, however, it would be hard to argue against his six month stay at Atascadero State Hospital and a discharge diagnosis of Schizoaffective Disorder Bipolar Type.   It is therefore recommended that Mr, Lavery be removed from Developmental Disability Program, however, removal from the Mental Health Services Delivery System at thie time may be premature.  It is suspected that Mr. Lavery can function at least at the CCCMS level of care.

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Id. at 35.  Dr. Essres's findings do not support Petitioner's claim that he is unable to litigate his habeas case without counsel.  In fact, they demonstrate that Petitioner has the capability of successfully presenting a case as he has done it in the past.  Another medical evaluation by Dr. Nakul Varshney from March 10, 2004, also concluded that Petitioner was malingering and stated that "we have no reason to believe that he has any cognitive deficits."  Lodgment 5 at 14.  Also included in Respondent's lodgements with the Court is an Interdisciplinary Progress Note dated January 10, 2008.  Lodgment 5 at 3.  In that progress note, Dr. Ran Bruce wrote that  Petitioner had "not taken any psych meds for well in excess of six months" and that he was being removed from the Correctional Clinical Case Management System ("CCCMS").  Dr. Bruce also noted that Petitioner did not report any mental health problems or concerns.  Id.

Because Petitioner has not presented any relevant and recent evidence of current incompetence, other than his own declaration, which is refuted by legitimate medical records, Petitioner's request for a competency hearing and the appointment of counsel is **DENIED**.

## B.    PETITIONER'S REQUEST FOR DISCOVERY

In his motion, Petitioner also requests that the Court grant discovery "proceedings for good cause to obtain various discovery documents from any of the parties in this matter that will aid in the adjudication, facilitation, and expediting the proceedings for relief."  ECF No. 3 at 2-3.

1    "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to

2    discovery as a matter of ordinary course." <u>Burton v. Cate</u>, 2010 WL 2756553, *1 (S.D.Cal.

3    July 12, 2010) (quoting <u>Bracey v. Gramley</u>, 520 U.S. 899, 904 (1997)).   Rule 6(a) of the

4    Rules Governing Section 2254 Cases in the United States District Courts provides that "[a]

5    judge may, for good cause, authorize a party to conduct discovery under the Federal Rules

6    of Civil Procedure and may limit the extent of discovery." Rule 6(a), 28 U.S.C. foll. § 2254.

7    To guide this analysis, the Supreme Court advised that "where specific allegations before

8    the court show reason to believe that the petitioner may, if the facts are fully developed,

9    be able to demonstrate that he is entitled to relief," it is the duty of the court to provide the

10    necessary facilities and procedures for an adequate inquiry.   <u>Burton v. Cate</u>, 2010 WL

11    2756553 at *1 (citing <u>Bracey</u>, 520 U.S. at 908).

12    Here, Petitioner has not established the requisite good cause.  Petitioner has not

13    provided "specific allegations" that show reason to believe that discovery would establish

14    facts warranting an evidentiary hearing or appointment of counsel.  Petitioner does not

15    provide a declaration from a treating physician nor any other evidence indicating that

16    medical records establishing a significant mental illness that would prevent Petitioner from

17    understanding and litigating his case exist.   In fact, Petitioner does not provide any

18    explanation of what evidence he believes exists and how it would support his argument.

19    Additionally, as discussed above, Petitioner himself indicates that there are no current

20    mental health records and Petitioner's past medical records are not relevant to his current

21    mental state for purposes of an evidentiary hearing. ECF No. 12 at 4.  Petitioner also does

22    not specifically identify what type of evidence he is seeking nor what he believes such

23    evidence would establish.  ECF No. 3 at 2-3.  He is merely looking for documents that  "will

24    aid in the adjudication, facilitation, and expediting the proceedings for relief." <u>Id</u>. <u>See</u>, Rule

25    6(b), 28 U.S.C. foll. § 2254 ("A party requesting discovery must provide reasons for the

26    request.   The request must also include any proposed interrogatories and requests for

27    admission, and must specify any requested documents.") As such, Petitioner has not

28    provided any facts, much less the requisite good cause, to support his request for discovery.

1    Absent such, Petitioner's request is merely an unjustified fishing expedition. See Valencia

2    v. Hedgepeth, 2011 WL 3794903, *6 (E.D.Cal. August 25, 2011) (citing Rich v. Calderon,

3    187 F.3d 1064, 1067-68 (9th Cir. 1999) (habeas petitions are not a "fishing expedition for

4    habeas petitioners to explore their case in search of its existence" and discovery is not

5    justified absent "evidence in support of claims that colorably entitle[] petitioner to relief")).

6        In his Reply to Respondent's briefing, Petitioner does request discovery for specific

7    documents and states why he believes these documents are relevant.  ECF No. 12 at 2.

8    Specifically, Petitioner asks the Court to "direct Respondent to produce and lodge mental

9    health records from (i.e. U.S. Military) and (i.e. DMH/Atascadero State Hospital) as historical

10   proof of mental diseases/disorders." Id. at 3.  Petitioner states that he has been unable to

11   obtain the documents and that Respondent has not produced them for the "full/entire

12   picture." Id. at 2.

13       In this second request, Petitioner again fails to establish good cause justifying

14   discovery.  First, the documents that Petitioner requests are not recent.  Petitioner entered

15   into military service in 1974 when he was seventeen and remained there until 1984.

16   Lodgment 1 at 6.  Any medical records from that time are not going to speak to Petitioner's

17   current mental health status or level of competency.  Petitioner was admitted to Atascadero

18   State Hospital in March 1992 until November 1992 under Penal Code Section 2684 and then

19   remained there under Penal Code Section 2962 until he was paroled to another facility in

20   March of 1993. Id. at 15.  As with the military records, any medical records from Petitioner's

21   stay at Atascadero are too outdated to establish any facts warranting an evidentiary hearing

22   or appointment of counsel.  Id.  Petitioner himself states that he wants the records "as

23   historical proof" of his condition, not as evidence of his current condition.  ECF No. 12 at 3.

24   Second, there are more recent medical records that Respondent lodged which provide the

25   most recent evidence of Petitioner's mental state and draw different conclusions than what

26   Petitioner claims the older records conclude.  ECF No. 11.  Finally, Petitioner himself admits

27   that no amount of discovery will produce current medical records demonstrating that

28   Petitioner is mentally ill or so incompetent that he cannot pursue his habeas case alone by

1   stating that there are no more current records that can speak to his competency and mental

2   health because he is not presently receiving any treatment.  Id. at 4.

3        Because Petitioner has not established good cause justifying additional discovery, this

4   Court **DENIES** Petitioner's request to conduct discovery.

5   **C.**   **ORDER TO SHOW CAUSE ("OSC")**

6        Petitioner's final request was for an OSC.  ECF No. 3 at 1-2.  While Petitioner states

7   he wants an OSC, the substance of the request seeks an opportunity to address the merits

8   of his Petition.  Id.  Because the Court is issuing an order requiring a response to the

9   Petition, Petitioner's request for an OSC is **DENIED** as moot.

10        **IT IS SO ORDERED**.

11

12   DATED:  November 29, 2011

13

14   BARBARA L. MAJOR
    United States Magistrate Judge