UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LAVERY,<br><br>            Petitioner,<br><br>v.<br><br>VIMAL SINGH, Acting Warden, et al.,<br><br>            Respondent. | Case No. 11cv1418-WQH (BLM)<br><br>**ORDER DENYING PETITIONER'S MOTION FOR: (1) ORDER TO SHOW CAUSE; (2) DISCOVERY; (3) EVIDENTIARY HEARING; AND (4) APPOINTMENT OF COUNSEL**<br><br>[ECF No. 3] |

## BACKGROUND

On June 27, 2011, Petitioner Joseph Lavery, a state prisoner who is proceeding *pro se* and *in forma pauperis*, commenced these habeas corpus proceedings pursuant to 28 U.S.C. § 2254. ECF No. 1. In a motion filed concurrently with his Petition, Petitioner requests an order to show cause, discovery, an evidentiary hearing, and appointment of counsel. ECF No. 3. Therein, Petitioner explains that he requires the assistance of counsel because he suffers from various mental illnesses and deficiencies and another inmate has had to help him prepare his habeas filings. Id. at 5. In support of this claim, he directs the Court to the psychiatric and medical records attached to his Petition as Exhibit C and cites to Allen v. Calderon, 408 F.3d 1150, 1153-54 (9th Cir. 2005). The medical records are from 1992 and 1994. Petitioner did not submit any evidence, information, or medical records supporting his argument that he **currently** is suffering from a mental illness that prevents

him from understanding and responding to court orders.  ECF No. 1-1, Exh. C. & ECF No. 3.

Since it was unclear whether there was substantial evidence of **current** incompetence requiring a competency hearing, the Court ordered Petitioner to file a pleading by September 14, 2011 that contained any and all "evidence, facts, and medical records supporting his claim that (1) he currently is suffering from a mental illness and (2) the mental illness prevents him from being able to understand and respond to Court orders."  ECF No. 8.  Petitioner was told that the additional information could "include declarations signed under penalty of perjury by Petitioner, other inmates, and medical personnel having personal knowledge of Petitioner's incompetence, in addition to **recent** institutional medical and psychiatric records."  Id. (emphasis in original).  Respondent was ordered to respond to Petitioner's motion and "include the results of Respondent's independent investigation into Petitioner's competence, including relevant medical records, as well as legal argument."  Id.

Petitioner did not file any response by the September 14, 2011 deadline.  In accordance with the Order, Respondent filed a response to Petitioner's motion on October 5, 2011.  ECF No. 10.  On October 21, 2011, Petitioner filed an untimely "Reply Response to Respondent's Notice of Supplemental Evidence and Briefing on the Petitioners Motion for Appointment of Counsel."  ECF No. 12.  However, Plaintiff did not include any additional exhibits, facts, or medical records in support of his claims.  Id.  Petitioner states that he was unable to obtain (and Respondent failed to produce) additional relevant medical records from community hospitals, the Department of Mental Health ("DMH") records from Atascadero Community Hospital, and the United States military[1].  Id.  Petitioner asks the Court to: (1) grant an evidentiary hearing on competency; (2) grant appointment of counsel in the interest of justice; and (3) direct Respondent to produce and lodge mental health records from the United States military and DMH records from Atascadero Community

---

[1] Petitioner states that he was unable to obtain the additional records, but he does not explain what attempts he made to get these records or why the attempts were unsuccessful.

Hospital as historical proof of mental diseases/disorders. Id. at 3.

## DISCUSSION

Respondent argues that an examination of Petitioner's available medical records indicates that Petitioner does not currently suffer from any mental illness and, therefore, Petitioner's motion should be denied. ECF No. 10-1 at 2. Respondent notes that in 2001 Petitioner was found to be "exaggerating, if not completely feigning severe cognitive dysfunction" after complaining of auditory hallucinations and suicidal ideations, and that in Petitioner's most recent evaluation from March 10, 2004, a psychiatrist found Petitioner to be malingering and released him from mental health services because Petitioner "did not suffer from a mental illness and did not need psychiatric treatment." Id. at 3 (quoting Lodgment 3 at 33-35 and citing Lodgment 5 at 14-15).

In his pleadings, Petitioner contends that he needs to have counsel appointed because "he currently suffers from mental disease and disorder" and is unable to understand and handle the current litigation due to his mental illness. ECF No. 12 at 2, 4; ECF No. 3 at 3-4. However, Petitioner does not provide any recent medical records supporting this statement and admits that he "has refused and declined treatment for years." ECF No. 12 at 2.

**A.   PETITIONER'S REQUEST FOR AN EVIDENTIARY HEARING AND APPOINTMENT OF COUNSEL**

The Ninth Circuit Court of Appeals has held that a district court must hold a competency hearing "when substantial evidence of incompetence is presented." Allen, 408 F.3d at 1153. If a competency hearing is warranted, the Court must appoint counsel for the limited purpose of representing the petitioner at the competency hearing. See Rule 8(c) of the Rules Governing Section 2254 Cases ("[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A(g)"). Although the Allen court did not specify what constitutes "substantial evidence" of incompetence or what is the "appropriate standard," it gave some guidance. In determining whether Petitioner has presented "substantial evidence of

1  incompetence," the Court may consider any appropriate evidence including sworn
2  declarations by Petitioner or other inmates, sworn declarations or letters from treating or
3  prison psychiatrists or psychologists, and relevant medical records. Id. at 1151-53.
4       In Allen, the petitioner submitted his sworn declaration and a declaration from a
5  fellow inmate which stated that Allen was mentally impaired and did not understand the
6  court's orders. Id. at 1151. He also submitted a letter from a prison psychiatrist which
7  stated that Allen was in the Enhanced Outpatient Program ("EOP") at the prison, had been
8  "diagnosed with Chronic Undifferentiated Schizophrenia and [was] taking two psychotropic
9  medications." Id. at 1151-52. Allen filed a second declaration in support of his motion for
10 appointment of counsel in which he stated that he suffered from a "'debilitating mental
11 illness that requires a course of treatment that includes the use of various psychotropic
12 medications'" and that the mental illness combined with the medications "'severely [hinder]
13 his ability to comprehend or correctly respond to the determinations and Orders made by
14 the Court.'" Id. at 1152. The Ninth Circuit concluded that this was sufficient to require the
15 district court to make a determination as to Allen's competency by appointing counsel and
16 conducting a competency hearing. Id. at 1153-54.
17      Here, Petitioner has failed to submit substantial evidence of incompetence in support
18 of a competency hearing. The only evidence of Petitioner's incompetence is Petitioner's
19 declaration, signed under penalty of perjury, stating that Petitioner:

> is suffering from organic dementia, organic hallucination, schizophrenia disorder, organic affective disorder, oranic [sic] personabity [sic] disorder due to a severe head injury suffered in the U.S. Navy in 1981 and Petitioner has been committed to various (DMV) mental state hospitals (i.c. Metropolitan DMH, Atascadero DMH, Patton DMH, etc.) and continues to suffer today within the (CDCR) state prison

and outdated medical records that do not speak to his current mental state. ECF No. 1, Exh. C. & ECF No. 3 at 5. The medical records that Petitioner submitted include a psychiatric evaluation from August 12, 1994 in which Dr. G. Jayasinghe of Metropolitan State Hospital, diagnosed Petitioner as having schizoaffective disorder, bipolar type, organic personality disorder, and a past history of psychoactive substance abuse and dependance (alcohol,

amphetamine, and marijuana). ECF No. 1-1 at 32.  Despite these diagnoses, Dr. Jayasinghe did not find that Petitioner was significantly impaired intellectually, noting that "the patient is presently functioning at about normal or impaired level of intellectual functioning." Id. at 29.  A September 1994 evaluation by the same doctor contained similar findings and noted that Petitioner was "functioning at normal to mildly impaired level of intellectual functioning." Id. at 36.

The records submitted by Petitioner also include a March 20, 1992 neurologic consultation by Dr. John M. Coyle, a staff neurologist.  Id. at 39.  Dr. Coyle ordered additional medical testing, but found that Petitioner was alert and oriented and did not discuss any serious mental limitations.  Id.  These records do not support Petitioner's contention that he is **currently** incompetent and unable to litigate his case.  The Court provided Petitioner with the opportunity to provide additional, more recent medical records and Petitioner failed to do so.  ECF No. 12.  In his declaration, Petitioner admits that he is not currently receiving treatment or taking any medication for a mental disorder because he has chosen to "self heal" due to his dislike of counseling, group therapy, and medication. Id. at 4.

In his filing, Respondent discusses the most current medical records on file for Petitioner.  These records include a May 21, 2002 psychological review by Dr. Garrett Essres in which Dr. Essres states that a previous doctor found that Petitioner "presents with a very odd combination of psychiatric symptoms and signs that do not really conform to a documented psychiatric pattern and are most suggestive of malingering."  Lodgment 3 at 33. Dr. Essres also noted that a previous evaluation of Petitioner found that Petitioner was "claiming memory loss far in excess of that shown by those with authentic symptoms" and it was concluded that Petitioner "was exaggerating symptoms of memory loss."  Id. at 34. The review further noted that Petitioner had previously "filed a well written appeal in a federal court claiming that he was kidnaped at the San Ysidro border" and "submitted and won a rather eloquent 602 inmate appeal" in October 2001 which included calculations and was written quite well.  Id. at 34-35.  Dr. Essres concluded that:

> Mr. Lavery has a rather consistent pattern of exaggerating mental illness and cognitive dysfunction. In addition, he displays extremely severe cognitive dysfunction to evaluators and simultaneously in other settings demonstrates high cognitive functioning level. It is without a doubt Mr. Lavery is exaggerating, if not completely feigning severe cognitive dysfunction. He does not appear to meet the developmental disability criteria. On the other hand, it is clear that he exaggerates and may use mental health symptoms at times to gain advantage, however, it would be hard to argue against his six month stay at Atascadero State Hospital and a discharge diagnosis of Schizoaffective Disorder Bipolar Type. It is therefore recommended that Mr, Lavery be removed from Developmental Disability Program, however, removal from the Mental Health Services Delivery System at thie time may be premature. It is suspected that Mr. Lavery can function at least at the CCCMS level of care.

Id. at 35. Dr. Essres's findings do not support Petitioner's claim that he is unable to litigate his habeas case without counsel. In fact, they demonstrate that Petitioner has the capability of successfully presenting a case as he has done it in the past. Another medical evaluation by Dr. Nakul Varshney from March 10, 2004, also concluded that Petitioner was malingering and stated that "we have no reason to believe that he has any cognitive deficits." Lodgment 5 at 14. Also included in Respondent's lodgements with the Court is an Interdisciplinary Progress Note dated January 10, 2008. Lodgment 5 at 3. In that progress note, Dr. Ran Bruce wrote that Petitioner had "not taken any psych meds for well in excess of six months" and that he was being removed from the Correctional Clinical Case Management System ("CCCMS"). Dr. Bruce also noted that Petitioner did not report any mental health problems or concerns. Id.

Because Petitioner has not presented any relevant and recent evidence of current incompetence, other than his own declaration, which is refuted by legitimate medical records, Petitioner's request for a competency hearing and the appointment of counsel is **DENIED**.

**B.    PETITIONER'S REQUEST FOR DISCOVERY**

In his motion, Petitioner also requests that the Court grant discovery "proceedings for good cause to obtain various discovery documents from any of the parties in this matter that will aid in the adjudication, facilitation, and expediting the proceedings for relief." ECF No. 3 at 2-3.

1         "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to
2  discovery as a matter of ordinary course." Burton v. Cate, 2010 WL 2756553, *1 (S.D.Cal.
3  July 12, 2010) (quoting Bracey v. Gramley, 520 U.S. 899, 904 (1997)).  Rule 6(a) of the
4  Rules Governing Section 2254 Cases in the United States District Courts provides that "[a]
5  judge may, for good cause, authorize a party to conduct discovery under the Federal Rules
6  of Civil Procedure and may limit the extent of discovery."  Rule 6(a), 28 U.S.C. foll. § 2254.
7  To guide this analysis, the Supreme Court advised that "where specific allegations before
8  the court show reason to believe that the petitioner may, if the facts are fully developed,
9  be able to demonstrate that he is entitled to relief," it is the duty of the court to provide the
10 necessary facilities and procedures for an adequate inquiry.  Burton v. Cate, 2010 WL
11 2756553 at *1 (citing Bracey, 520 U.S. at 908).

12        Here, Petitioner has not established the requisite good cause.  Petitioner has not
13 provided "specific allegations" that show reason to believe that discovery would establish
14 facts warranting an evidentiary hearing or appointment of counsel.  Petitioner does not
15 provide a declaration from a treating physician nor any other evidence indicating that
16 medical records establishing a significant mental illness that would prevent Petitioner from
17 understanding and litigating his case exist.  In fact, Petitioner does not provide any
18 explanation of what evidence he believes exists and how it would support his argument.
19 Additionally, as discussed above, Petitioner himself indicates that there are no current
20 mental health records and Petitioner's past medical records are not relevant to his current
21 mental state for purposes of an evidentiary hearing. ECF No. 12 at 4.  Petitioner also does
22 not specifically identify what type of evidence he is seeking nor what he believes such
23 evidence would establish. ECF No. 3 at 2-3.  He is merely looking for documents that "will
24 aid in the adjudication, facilitation, and expediting the proceedings for relief." Id. See, Rule
25 6(b), 28 U.S.C. foll. § 2254 ("A party requesting discovery must provide reasons for the
26 request.  The request must also include any proposed interrogatories and requests for
27 admission, and must specify any requested documents.") As such, Petitioner has not
28 provided any facts, much less the requisite good cause, to support his request for discovery.

1 Absent such, Petitioner's request is merely an unjustified fishing expedition. See Valencia
2 v. Hedgepeth, 2011 WL 3794903, *6 (E.D.Cal. August 25, 2011) (citing Rich v. Calderon,
3 187 F.3d 1064, 1067-68 (9th Cir. 1999) (habeas petitions are not a "fishing expedition for
4 habeas petitioners to explore their case in search of its existence" and discovery is not
5 justified absent "evidence in support of claims that colorably entitle[] petitioner to relief")).
6      In his Reply to Respondent's briefing, Petitioner does request discovery for specific
7 documents and states why he believes these documents are relevant. ECF No. 12 at 2.
8 Specifically, Petitioner asks the Court to "direct Respondent to produce and lodge mental
9 health records from (i.e. U.S. Military) and (i.e. DMH/Atascadero State Hospital) as historical
10 proof of mental diseases/disorders." Id. at 3. Petitioner states that he has been unable to
11 obtain the documents and that Respondent has not produced them for the "full/entire
12 picture." Id. at 2.
13      In this second request, Petitioner again fails to establish good cause justifying
14 discovery. First, the documents that Petitioner requests are not recent. Petitioner entered
15 into military service in 1974 when he was seventeen and remained there until 1984.
16 Lodgment 1 at 6. Any medical records from that time are not going to speak to Petitioner's
17 current mental health status or level of competency. Petitioner was admitted to Atascadero
18 State Hospital in March 1992 until November 1992 under Penal Code Section 2684 and then
19 remained there under Penal Code Section 2962 until he was paroled to another facility in
20 March of 1993. Id. at 15. As with the military records, any medical records from Petitioner's
21 stay at Atascadero are too outdated to establish any facts warranting an evidentiary hearing
22 or appointment of counsel. Id. Petitioner himself states that he wants the records "as
23 historical proof" of his condition, not as evidence of his current condition. ECF No. 12 at 3.
24 Second, there are more recent medical records that Respondent lodged which provide the
25 most recent evidence of Petitioner's mental state and draw different conclusions than what
26 Petitioner claims the older records conclude. ECF No. 11. Finally, Petitioner himself admits
27 that no amount of discovery will produce current medical records demonstrating that
28 Petitioner is mentally ill or so incompetent that he cannot pursue his habeas case alone by

stating that there are no more current records that can speak to his competency and mental health because he is not presently receiving any treatment. Id. at 4.

Because Petitioner has not established good cause justifying additional discovery, this Court **DENIES** Petitioner's request to conduct discovery.

**C. ORDER TO SHOW CAUSE ("OSC")**

Petitioner's final request was for an OSC. ECF No. 3 at 1-2. While Petitioner states he wants an OSC, the substance of the request seeks an opportunity to address the merits of his Petition. Id. Because the Court is issuing an order requiring a response to the Petition, Petitioner's request for an OSC is **DENIED** as moot.

**IT IS SO ORDERED**.

DATED: November 29, 2011

*[signature: Barbara L. Major]*

BARBARA L. MAJOR
United States Magistrate Judge