**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH LAVERY,<br><br>　　　　　　　　Petitioner,<br><br>vs.<br><br>VIMAL SINGH, Warden, et al.,<br><br>　　　　　　　　Respondents. | Civil No. 11cv1418-WQH (BLM)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE:**<br><br>**(1) GRANTING RESPONDENT'S MOTION TO DISMISS;**<br><br>**(2) DENYING PETITIONER'S MOTION FOR AN ORDER TO SHOW CAUSE, FOR DISCOVERY, FOR AN EVIDENTIARY HEARING, AND FOR APPOINTMENT OF COUNSEL; AND**<br><br>**(3) DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS WITH PREJUDICE** |

　　　　Petitioner Joseph Lavery (hereinafter "Petitioner"), is a California prisoner proceeding pro se and in forma pauperis with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Petitioner was convicted in the San Diego County Superior Court in 2001, following a jury trial, of armed robbery and attempted armed robbery, and was sentenced to 84 years-to-life in state prison under California's Three Strikes law after the trial court found that he had suffered ten prior felony convictions. (Pet. at 1-2.) Petitioner challenges only his sentence here, contending that: (1) there is insufficient evidence to support the prior conviction

findings; (2) California's Three Strikes law is unconstitutional; (3) his sentence amounts to cruel and unusual punishment; (4) use of the prior convictions to enhance his sentence amounts to a breach of the plea bargains under which the prior convictions were imposed; and (5) the failure of his appointed appellate counsel to raise these claims in the state courts, other than the cruel and unusual punishment claim which was presented to the state appellate court but not the state supreme court, amounts to constitutionally ineffective assistance of counsel to the extent it has caused the claims to be procedurally barred. (Pet. at 16-36.)

Respondent Warden Vimal Singh (hereinafter "Respondent"), has filed a Motion to Dismiss the Petition with an incorporated Memorandum of Points and Authorities in support thereof, and has lodged portions of the state court record. (ECF Nos. 15-16.) Respondent argues that the Petition is barred by the one-year statute of limitations applicable to federal habeas petitions, and that Petitioner's claims are procedurally defaulted as a result of the state court's denial of the claims as untimely. (MTD at 3-7.)

Petitioner has filed an Opposition to Respondent's Motion arguing that he is entitled to equitable tolling of the statute of limitations due to the fact that he suffers from a mental disease or disorder which prevented him from bringing his claims in a timely fashion. (ECF No. 17.) Petitioner also argues that he can establish cause and prejudice to excuse any procedural default based on his mental condition, and that a fundamental miscarriage of justice will occur if the Court dismisses the Petition without conducting an evidentiary hearing. (Id.) Petitioner has also filed a Motion for an order to show cause in which he requests the Court to order Respondent to file a return to his Petition, to permit discovery, to appoint him counsel, and to conduct an evidentiary hearing. (ECF No. 18.)

The Court finds, for the following reasons, that habeas relief is unavailable because the Petition is untimely and the claims are procedurally defaulted. The Court also finds that Petitioner's Motion for an order to show cause should be denied for the same reasons the Court previously denied an identical motion filed by Petitioner. Accordingly, the Court recommends **DENYING** Petitioner's Motion for an order to show cause, **GRANTING** Respondent's Motion to Dismiss, and **DISMISSING** the Petition with prejudice.
-
-

## I.     Background

Petitioner was convicted on January 26, 2001, following a jury trial in the San Diego County Superior Court, of two counts of robbery in violation of California Penal Code § 211, and one count of attempted robbery in violation of California Penal Code §§ 211 & 664; the jury found that Petitioner had personally used a deadly weapon during the commission of each crime in violation of California Penal Code § 12022(b)(1). (Lodgment No. 3, People v. Lavery, No. D037566, slip op. at 1 (Cal. App. Ct. Oct. 25, 2001).) The trial court found that Petitioner had suffered ten prior felony convictions which constituted "strikes" within the meaning of California's Three Strikes law, and sentenced him to three consecutive terms of twenty-five years-to-life, with an additional nine years of enhancements. (Id. at 1-2.)

Petitioner, through his appointed appellate counsel, filed a direct appeal on July 10, 2001, which raised a single claim alleging that his sentence violated state and federal constitutional prohibitions against cruel and unusual punishment. (Lodgment Nos. 1-2.) The appellate court denied the claim on its merits and affirmed the judgment of conviction in an unpublished opinion filed on October 25, 2001. (Lodgment No. 3, People v. Lavery, No. D037566, slip op. at 3-5.) Petitioner did not seek review in the state supreme court, and his conviction became final on the last day he could have done so, December 4, 2001. Smith v. Duncan, 297 F.3d 809, 813 (9th Cir. 2001), overruled on other grounds by Pace v. DiGuglielmo, 544 U.S. 408 (2005).

Petitioner waited over eight years before next challenging his conviction or sentence. He filed a petition for a writ of habeas corpus in the San Diego County Superior Court on June 11, 2010, in which he presented the same claims he presents here. (Lodgment No. 4.) That petition was denied on August 5, 2010, on the basis that Petitioner's claims lacked factual or legal support. (Lodgment No. 5.) He filed a habeas petition in the appellate court on August 18, 2010, presenting the same claims. (Lodgment No. 6.) The appellate court denied the petition as untimely in a one-page opinion filed October 19, 2010. (Lodgment No. 7.) Petitioner filed a habeas petition in the California Supreme Court on November 2, 2010, which was denied on May 11, 2011, in an order which stated in full: "The petition for writ of habeas corpus is denied. (See *In re Robbins* (1998) 18 Cal.4th 770, 780.)" (Lodgment Nos. 8-9.)

**II.     Discussion**

For the following reasons, the Court finds that the Petition is untimely, as it was filed over eight years after expiration of the statute of limitations, and that tolling is unavailable. The Court also finds that even if equitable tolling is available and the Petition is considered to be timely, federal habeas relief is unavailable because the claims are procedurally defaulted.

**A.     Statute of Limitations**

Respondent contends that the one-year statute of limitations began to run on Petitioner's claims on December 5, 2001, the day after his conviction became final following the conclusion of direct appeal. Because Petitioner did not file the instant federal Petition until June 23, 2011, Respondent contends it is nearly ten years late. Petitioner argues that he is entitled to equitable tolling of the limitations period due to his mental condition. For the following reasons, the Court finds that the Petition is untimely and Petitioner is not entitled to tolling.

**1. Triggering Dates of the Limitations Period**

The one-year statute of limitations applicable to federal habeas petitions pursuant to 28 U.S.C. § 2254 begins to run at the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West 2006).

Because Petitioner did not appeal the appellate court's opinion affirming his conviction, the conviction became final within the meaning of § 2244(d)(1)(A) on December 4, 2001, the last day he could have filed a petition for review in the state supreme court. Duncan, 297 F.3d

at 813. The statute of limitations began to run the next day, December 5, 2001. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). The instant federal Petition was constructively filed on June 23, 2011, the date Petitioner indicates he handed it to the prison officials for filing. (EFC No. 1 at 12); Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000). Because no other triggering provision applies, the Court finds that the one-year statute of limitations was set to expire on December 5, 2002, and the Petition, filed more than eight and one-half years later, is untimely absent tolling of the limitations period.[1]

**2. The Limitations Period was not Statutorily Tolled**

The statute of limitations is tolled while a "properly filed" habeas petition is "pending" in state court. 28 U.S.C. § 2244(d)(2). Because Petitioner did not begin to exhaust his state court remedies as to the claims presented here until more that eight years after the limitations period expired, statutory tolling is not available. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (holding that state post-conviction petition which was filed after expiration of the statute of limitations cannot toll the limitations period). In any case, Petitioner's state habeas petitions were denied by the state appellate and supreme courts as untimely, precluding statutory tolling. See DiGuglielmo, 544 U.S. at 413-14 (holding that denial of petition by California Supreme Court as untimely precludes statutory tolling).

**3. The Limitations Period was not Equitably Tolled**

The statute of limitations is also subject to equitable tolling. Holland v. Florida, 560 U.S. ___, 130 S.Ct. 2549, 2560-63 (2010). However, a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562. Petitioner bears the burden of showing "extraordinary

---

[1] To the extent that Petitioner's Opposition could be liberally construed to present an argument that § 2244(d)(1)(B) applies because the state created an impediment to his filing by not properly treating his mental illness, he is not entitled to a later triggering date because § 2244(d)(1)(B) requires a showing which is "far higher" than the standard for demonstrating an entitlement to equitable tolling. Ramirez v. Yates, 571 F.3d 993, 1000-01 (9th Cir. 2009). Petitioner is entitled to rely on § 2244(d)(1)(B) only if the circumstances alleged "altogether prevented him from presenting his claims in *any* form, to *any* court." Id. (italics in original), citing Lewis v. Casey, 518 U.S. 343, 350-51 (1996). For the reasons set forth in the body of this Report and Recommendation regarding why Petitioner is not entitled to equitable tolling, § 2244(d)(1)(B), which requires a far higher showing, does not apply. Yates, 571 F.3d at 1000-01.

circumstances" were the proximate cause of his untimeliness, rather than merely a lack of diligence on his part. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).

Respondent contends that Petitioner has not identified any extraordinary circumstances which were the "but for" cause of his untimeliness. (MTD at 7.) Petitioner argues that he is entitled to equitable tolling "based on the fact that he suffers from a mental disease/disorder which prevented him from filing a timely 1-year petition when the state appeal/writ expired in 2001 and the current action being filed in 2011." (Opp. at 2.)

Petitioner attached medical records and other documents dated from 1992 and 1994 to his Petition in support of his argument that he requires the assistance of counsel to prosecute this action. (Pet. at 14; Pet. Ex. C.) Contemporaneous with the filing of the Petition, Petitioner filed a Motion for an order to show cause, for discovery, for an evidentiary hearing, and for appointment of counsel, which is nearly identical to Petitioner's current Motion. (Compare ECF No. 3 with ECF No. 18.) The only difference between the two motions is that in his original motion, Petitioner asked the Court to take judicial notice of the medical records attached to the Petition, and contended that they show:

> Petitioner is suffering from organic dementia, organic hallucination, schizophrenia disorder, organic affective disorder, organic personality disorder, due to a severe head injury suffered in the U.S. Navy in 1981, and Petitioner has been committed to various (DMH) mental state hospitals (i.e. Metropolitan DMH, Atascadero DMH, Patton DMH, etc.) and continues to suffer today within the (CDCR) state prison. The court is moved to toll any deficiencies due to petitioner's unstable mental state in which he is not cognizant or aware of appeal/writ litigation and is currently being assisted by another inmate in presenting his case. The Court is moved to grant counsel appointment and expert witness to adjudicate habeas proceedings.

(EFC No. 3 at 5.)

Prior to ruling on Petitioner's original Motion, the Court found that the records upon which Petitioner relied did not demonstrate a <u>current</u> mental condition sufficient to require a competency hearing. (ECF No. 8.) However, recognizing the importance of an accurate determination regarding Petitioner's competence, the Court ordered Petitioner to provide any and all "evidence, facts, and medical records" which support Petitioner's claim that he is <u>currently</u> suffering from a mental illness, and whether such illness has prevented him from being

able to understand and respond to the Court's orders. (Id. at 2-3) In addition, Respondent was directed to file a response to Petitioner's anticipated submission, and to "include the results of Respondent's independent investigation into Petitioner's competence, including relevant medical records, as well as legal argument." (Id. at 3.)

Petitioner did not file a response as ordered. Respondent, however, filed a response to the Court's Order, and lodged voluminous mental health records pertaining to Petitioner, amounting to over 700 pages of documents. (ECF Nos. 10-11.) Respondent argued that there were no records available which show that Petitioner has complained of or sought treatment for any mental illness since 2004, and that the records which are available establish that at least three doctors or mental healthcare professionals opined in 1995, 2002 and 2004 that Petitioner was malingering or exaggerating his symptoms. (ECF No. 10-1 at 2-4.) Petitioner filed a reply to Respondent's submission, which included his own declaration, but which did not include any new facts, exhibits or medical records in support of his contentions. (ECF No. 12.) Rather, Petitioner indicated that he is not currently receiving treatment or taking any medication for a mental disorder, and has refused treatment for years, because he has chosen to "self heal" due to his dislike of counseling, group therapy, and medication. (Id. at 2-5.) Petitioner contended then, as he contends now in support of his equitable tolling argument, that Respondent has failed to produce additional, relevant medical records, and that this Court should allow discovery or conduct an evidentiary hearing in order to develop the record to include medical records from his time in the Navy and at Atascadero Hospital as historic proof of his mental condition. (Id. at 3; Opp. at 2.)

On November 29, 2011, this Court denied Petitioner's original Motion for an order to show cause, for discovery, for an evidentiary hearing, and for appointment of counsel. (EFC No. 14.) The Court found that Petitioner had failed to submit substantial evidence of incompetence, other than his own declaration which is refuted by the medical records. (Id. at 3-9.) On that basis, the Court denied Petitioner's request for a competency hearing, to compel respondent to file a Answer to the Petition, for discovery, for an evidentiary hearing, and for appointment of counsel. (Id.) Based on those same findings, the Court recommends that Petitioner's instant

Motion for an order to show cause, for discovery, for an evidentiary hearing, and for appointment of counsel, which is identical to his original Motion, be **DENIED** for the same reasons set forth in the Court's November 29, 2011 Order.

The Court also finds that Petitioner is not entitled to equitable tolling on the basis of his mental condition. Because statutory tolling is unavailable due to the denial of his state habeas petitions on timeliness grounds, in order for the Petition to be timely, the limitations period would need to be equitably tolled for over eight years from on or before December 5, 2002, the date the limitations period was set to expire, until June 23, 2011, the date the instant Petition was filed. Petitioner has presented no evidence that he suffers from any mental disorder which precluded him from filing a federal petition during that time. Rather, the record indicates that he was able to file several state habeas petitions, as well as the instant federal habeas action (which includes his Petition, four Motions, and several responses to submissions by Respondent), while suffering from the same mental condition he was allegedly suffering from in 2001. Even if his medical condition somehow impacted his ability to litigate his claims, which appears unlikely based on the evidence in the record, Petitioner has not carried his burden of showing that his medical condition was the proximate cause of his untimeliness, rather than merely a lack of diligence on his part. Spitsyn, 345 F.3d at 799; see also Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (holding that equitable tolling "is unavailable in most cases."); Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) ("[T]he threshold necessary to trigger equitable tolling (under AEDPA) is very high, lest the exceptions swallow the rule.").

The Court has adequately developed the record regarding Petitioner's mental condition, and finds that an evidentiary hearing is not necessary because Petitioner's allegations regarding his medical condition, even if true, do not provide a basis for equitable tolling. See Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006) (holding that a habeas petitioner is entitled to an evidentiary hearing when his or her allegations, if true, would support equitable tolling). In any case, even if further development of the record could establish that Petitioner is entitled to equitable tolling, federal habeas relief is independently not available because, as set forth below, the claims presented in the federal Petition are procedurally defaulted.

### 4. Conclusion re: statute of limitations

The Court finds that Petitioner is not entitled to statutory or equitable tolling, and that his federal Petition was filed over eight years after expiration of the limitations period. The Court therefore recommends **GRANTING** Respondent's Motion to Dismiss on the basis that the Petition is untimely. For the same reasons set forth in the Court's November 29, 2011 Order denying Petitioner's previous, identical Motion, the Court recommends **DENYING** Petitioner's Motion for an order to show cause, for discovery, for an evidentiary hearing, and for appointment of counsel.

### B. Procedural Default

Respondent contends that Petitioner's claims are procedurally defaulted in this Court because the state court found them to be untimely, citing Walker v. Martin, 562 U.S. ___, 131 S.Ct. 1120 (2011) (holding that California's timeliness rule is clearly established and consistently applied). (MTD at 3-4.) Respondent also argues that Petitioner is unable to show cause and prejudice, or the existence of a fundamental miscarriage of justice, necessary to overcome the procedural default. (Id. at 4.)

Petitioner argues that he has shown cause to excuse the default because his mental disease and disorder prevented him from filing a federal habeas petition after the conclusion of his state appeal in 2001. (Opp. at 2.) He also contends that a fundamental miscarriage of justice will result if he is not appointed counsel, if the Court does not conduct an evidentiary hearing, or if discovery regarding equitable tolling is not permitted. (Id. at 2-3.)

Petitioner's conviction was affirmed in an unpublished opinion filed October 25, 2001. (Lodgment No. 3, People v. Lavery, No. D037566, slip op. at 3-5.) Petitioner did not seek review in the state supreme court, but waited nearly nine years before filing a habeas petition in the San Diego County Superior Court on June 11, 2010, in which he presented the same claims he presents here. (Lodgment No. 4.) That petition was denied on August 5, 2010, on the basis that Petitioner did not provide sufficient legal or factual support for this claims. (Lodgment No. 5, In re Lavery, No. HC20028, order at 1-4 (Cal.Sup.Ct. Aug. 5, 2010).) Petitioner filed a habeas petition in the appellate court presenting the same claims on August 18, 2010.

(Lodgment No. 6.) The appellate court denied the petition on October 19, 2010, on the basis that it was untimely, that Petitioner had failed to establish an exception to the procedural bar, and that the claim that his sentence was cruel and unusual had been raised and rejected on direct appeal. (Lodgment No. 7, In re Lavery, No. D058073, slip op. at 1 (Cal.App.Ct. Oct. 19, 2010.) Petitioner filed a habeas petition in the California Supreme Court on November 2, 2010, which was denied on May 11, 2011, in an order which stated: "The petition for writ of habeas corpus is denied (See *In re Robbins* (1998) 18 Cal.4th 770, 780.)" (Lodgment Nos. 8-9.)

In Walker v. Martin, the petitioner presented his claims to the California Supreme Court nearly five years after his conviction became final, without providing any reason for the long delay, and, as here, the petition was denied with a citation to In re Robbins, 18 Cal.4th 770, 780 (1998). See Walker, 131 S.Ct. at 1124. The Walker Court recognized that page 780 of the Robbins opinion (which was cited by the California Supreme Court both here and in Walker), is cited by the California Supreme Court when that court signals "that a habeas petition is denied as untimely." Id. That is, by providing such a citation, the California Supreme Court has signaled that the petitioner had failed to seek habeas relief without "substantial delay" as "measured from the time the petitioner or counsel knew, or reasonably should have known, of the information offered in support of the claim and the legal basis for the claim," and had failed to carry "the burden of establishing (i) absence of delay, (ii) good cause for the delay, or (iii) that the claim falls within an exception to the bar of timeliness." Walker, 131 S.Ct. at 1125, quoting Robbins, 18 Cal.4th at 780, 787. The Supreme Court held that California's timeliness rule is clearly established and consistently applied. Walker, 131 S.Ct. at 1128-31.

When a state court rejects a federal claim based upon a violation of a state procedural rule which is adequate to support the judgment and independent of federal law, a habeas petitioner has procedurally defaulted his claim in federal court. Coleman v. Thompson, 501 U.S. 722, 729-30 (1991). A state procedural rule is "independent" if it is not interwoven with federal law. LaCrosse v. Kernan, 244 F.3d 702, 704 (9th Cir. 2001). A state procedural rule is "adequate" if it is "clear, consistently applied, and well-established" at the time of the default. Calderon v. United States District Court, 96 F.3d 1126, 1129 (9th Cir. 1996). The federal habeas court may

1 still reach the merits of a procedurally defaulted claim if the petitioner can demonstrate cause
2 for his failure to satisfy the state procedural rule and prejudice arising from the default, or if he
3 can demonstrate that a fundamental miscarriage of justice would result from the Court not
4 reaching the merits of the defaulted claims. Coleman, 501 U.S. at 750.

5       Petitioner cannot successfully challenge the independence of the timeliness rule in this
6 Court because the Ninth Circuit has held that California's timeliness bar is independent, and this
7 Court is bound by that holding. See Bennett v. Mueller, 322 F.3d 573, 581 (9th Cir. 2003) ("We
8 conclude that because the California untimeliness rule is not interwoven with federal law, it is
9 an independent state procedural ground, as expressed in *Clark/Robbins*.")

10       However, the adequacy of a state procedural rule "is not within the State's prerogative
11 finally to decide; rather, adequacy 'is itself a federal question.'" Lee v. Kemma, 534 U.S. 362,
12 375 (2002), quoting Douglas v. Alabama, 380 U.S. 415, 422 (1965). Although Walker found
13 California's timeliness rule to be clearly established and consistently applied, the Walker Court
14 noted that a petitioner might be able to show the rule to be inadequate in his or her own case by
15 showing that "the California Supreme Court exercised its discretion in a surprising or unfair
16 manner." Walker, 131 S.Ct. at 1130 ("A state ground, no doubt, may be found inadequate when
17 discretion has been exercised to impose novel and unforeseeable requirements without fair or
18 substantial support in prior state law.") (citation and internal quotation marks omitted); see also
19 Kemma, 534 U.S. at 376 (recognizing exceptions where "exorbitant application of a generally
20 sound rule renders the state ground inadequate to stop consideration of a federal question.")

21       There is nothing in the record here to suggest that the imposition of the timeliness bar by
22 the California Supreme Court was an "unexpectedly or freakishly" applied state procedural rule.
23 Walker, 131 S.Ct. at 1130. Nor does Petitioner suggest this is the case. Rather, Petitioner
24 alleged in the state trial, appellate and supreme courts that his medical condition was the reason
25 for his failure to timely present his claims. (Lodgment No. 4 at 11; Lodgment No. 6 at 11;
26 Lodgment No. 8 at 6.) The state court opinions do not support a finding that those courts
27 approved any reason for excusing Petitioner's delay, and the fact that the superior court reached
28 the merits of his claims does not affect this Court's determination regarding procedural default.

See Harris v. Reed, 489 U.S. 255, 263 (1989) (holding that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar."); see id., 489 U.S. at 264 n.10 (holding that "as long as the state court explicitly invokes a state procedural bar rule as a separate basis for its decision," the fact that the state court also reached the merits of the claims does not prevent the claims from being procedurally defaulted.) Rather, the rejection of Petitioner's excuse by the state courts is consistent with this Court's finding that Petitioner's medical condition did not prevent him from timely presenting his claims. There is, therefore, no basis in the record to find that the California Supreme Court's imposition of the state timeliness bar was in any manner surprising, exorbitant, or unfair. Walker, 131 S.Ct. at 1130; Kemma, 534 U.S. at 376.

Accordingly, the Court finds that Petitioner's claims are procedurally defaulted. This Court can reach the merits of the claims only if Petitioner can establish cause and prejudice to excuse the default, or if a fundamental miscarriage of justice would result from the failure to reach the merits of the defaulted claims.

**1) Cause**

The cause prong can be satisfied if Petitioner demonstrates some "objective factor" that precluded him from raising his claims in state court, such as interference by state officials or constitutionally ineffective counsel. McCleskey v. Zant, 499 U.S. 467, 493-94 (1991). The Supreme Court has generally defined "cause" in relation to the procedural default doctrine as an objective factor external to Petitioner which gave rise to the default. Coleman, 501 U.S. at 730. Petitioner's mental disorder cannot constitute cause to excuse the default. See Schneider v. McDaniel, __F.3d__, 2012 WL 1109989 at *8 (9th Cir. April 4, 2012) (holding that "a pro se petitioner's mental condition cannot serve as cause for a procedural default, at least when the petitioner on his own or with assistance remains 'able to apply for post-conviction relief to a state court.'"), quoting Hughs v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986). Petitioner's numerous filings here and in the state court, along with his statement quoted above that he is proceeding with the assistance of another inmate (see ECF No. 3 at 5), indicates

that Petitioner has failed to establish cause sufficient to excuse the default based on his mental condition. McCleskey, 499 U.S. at 493-94; McDaniel, 2012 WL 1109989 at *8.

Petitioner also contends that any procedural default is the result of ineffective assistance of appellate counsel in failing to raise his claims on direct appeal. (See Pet. at 34-36.) The Supreme Court has stated:

> Although we have not identified with precision exactly what constitutes "cause" to excuse a procedural default, we have acknowledged that in certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice. [*Murray v. Carrier*, 477 U.S. 478, 488-89 (1986)] Not just any deficiency in counsel's performance will do, however; the assistance must have been so ineffective as to violate the Federal Constitution. *Ibid*. In other words, ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim. And we held in *Carrier* that the principles of comity and federalism that underlie our longstanding exhaustion doctrine. . . require *that* constitutional claim, like others, to be first raised in state court. "(A) claim of ineffective assistance," we said, generally must "be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Carrier*, *supra*, at 489.

Edwards v. Carpenter, 529 U.S. 446, 451-52 (2000); see also Coleman, 501 U.S. at 752 (holding that a petitioner cannot establish constitutionally ineffective assistance of counsel in state post-conviction proceedings because there is no constitutional right to counsel in such proceedings).

Petitioner presented his ineffective assistance of appellate counsel claim to the state courts in his state habeas petitions. (Lodgment No. 4 at 34-36; Lodgment No. 6 at 34-36; Lodgment No. 8 at 28-30.) The state supreme court denied the ineffective assistance of counsel claim as untimely, and it is procedurally defaulted for the reasons discussed above. Petitioner cannot establish cause to excuse the default based on that defaulted claim because, "[w]hile it is true that ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default, it cannot serve as cause if that claim is itself procedurally defaulted." Moraga v. McDaniel, 415 Fed.Appx. 784, 786 (9th Cir. 2011) (unpublished memorandum),[2] cert. denied, 132 S.Ct. 166 (2011), citing Edwards, 529 U.S. at 451-53 ("The purposes of the exhaustion requirement . . . would be frustrated were we to allow federal review to a prisoner

---

[2] Unpublished Ninth Circuit decisions may be cited commencing with decisions issued in 2007. (See Ninth Cir. Rule 36-3.) Although still not binding precedent, unpublished decisions have persuasive value and indicate how the Ninth Circuit applies binding authority.

who had presented his claim to the state court, but in such a manner that the state court could not, consistent with its own procedural rules, have entertained it.")

Petitioner could rely on his procedurally defaulted ineffective assistance of counsel claim to demonstrate cause to excuse his procedural default only if he can establish cause and prejudice, or the existence of a fundamental miscarriage of justice, sufficient to excuse the procedural default of <u>that</u> claim. See <u>Edwards</u>, 529 U.S. at 453 ("To hold, as we do, that an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted is not to say that that procedural default may not itself be excused if the prisoner can satisfy the cause-and-prejudice standard with respect to that claim.") Petitioner has not established cause to excuse his failure to timely present his ineffective assistance of counsel claim, because his only excuse for failing to timely present any of his claims to the state courts is his medical condition, which, as discussed above, cannot be relied upon to establish cause. <u>McDaniel</u>, 2012 WL 1109989 at *8; <u>Hughs</u>, 800 F.2d at 909. Accordingly, the Court finds that Petitioner has not established cause sufficient to excuse the procedural default.

### 2) Prejudice

In order to establish prejudice to overcome a procedural default, Petitioner must show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." See <u>United States v. Frady</u>, 456 U.S. 152, 170 (1982) (discussing prejudice where defendant failed to object to jury instructions in proceeding under 28 U.S.C. § 2255). "Prejudice [to excuse claims procedurally barred in a habeas case] is actual harm resulting from the alleged error." <u>Vickers v. Stewart</u>, 144 F.3d 613, 617 (9th Cir. 1998).

The state superior court examined each of Petitioner's claims regarding the legality of his sentence and found them to be without legal or factual support. (Lodgment No. 5, <u>In re Lavery</u>, No. HC20028, order at 1-4.) The state appellate court rejected, on the merits on direct appeal, Petitioner's claim that his sentence amounts to cruel and unusual punishment, and the superior court rejected his remaining claims on their merits. Even if Petitioner could demonstrate that

his claims are sufficiently meritorious so as to establish prejudice from this Court's failure to address them on their merits, which is unlikely, he has not established the requisite cause for the reasons set forth above, which is also required to overcome the default.

### 3) Fundamental Miscarriage of Justice

Finally, Petitioner can avoid a procedural default if he can demonstrate that a fundamental miscarriage of justice would result from the failure of the Court to reach the merits of his claims. The United States Supreme Court has limited the "miscarriage of justice" exception to petitioners who can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327 (1995). "Actual innocence" means factual innocence, not legal insufficiency; a mere showing of reasonable doubt is not enough. See Wood v. Hall, 130 F.3d 373, 379 (9th Cir. 1997). In order to establish actual innocence, Petitioner must show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. Id. Petitioner here challenges only his sentence. He has therefore failed to demonstrate factual innocence sufficient to excuse the procedural default.

### 4) Conclusion re: procedural default

The Court finds that Petitioner's claims are procedurally defaulted and that Petitioner has not established cause, prejudice, or the existence of a fundamental miscarriage of justice to excuse the default. Accordingly, the Court recommends **GRANTING** Respondent's Motion to Dismiss on the basis that the claims presented in the Petition are procedurally defaulted.

## III. Conclusion and Recommendation

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) directing that Petitioner's Motion for an Order to Show Cause, for Discovery, for an Evidentiary Hearing, and for Appointment of Counsel be **DENIED**; (3) directing that Respondent's Motion to Dismiss be **GRANTED**; and (4) directing that judgment be entered **DISMISSING** the Petition with prejudice.

/ / /

1      **IT IS ORDERED** that no later than **June 1, 2012** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

     **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **June 22, 2012**. The parties are advised that failure to file objections with the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir. 1991).

     **IT IS SO ORDERED.**

DATED: May 7, 2012

*[signature: Barbara L. Major]*

BARBARA L. MAJOR
United States Magistrate Judge