# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LAVERY,<br><br>        Petitioner,<br>vs.<br>VIMAL SINGH, Warden,<br><br>        Respondent. | CASE NO. 11cv1418-WQH-BLM<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Report and Recommendation issued by the Magistrate Judge recommending that the Motion to Dismiss filed by Respondent (ECF No. 15) be granted and the Motion for an Order to Show Cause, Discovery, an Evidentiary Hearing, and Appointment of Counsel filed by Petitioner (ECF No. 18) be denied. (ECF No. 19).

## BACKGROUND

On June 27, 2011, Petitioner Joseph Lavery filed a Petition for Writ of Habeas Corpus asserting seven grounds for relief stemming from his 2001 conviction in San Diego Superior Court. (ECF No. 1). On June 27, 2011, Petitioner also filed a Motion for an Order to Show Cause, Discovery, Evidentiary Hearing, and Appointment of Counsel stating that he needed medical records, legal assistance, and an evidentiary hearing to establish his poor mental health condition. (ECF No. 3).

On August 16, 2011, the Magistrate Judge ordered additional briefing by both parties regarding Petitioner's mental health condition. (ECF No. 8). The Magistrate Judge ordered

1 Respondents to conduct an "independent investigation into Petitioner's competence" and
2 submit a response that includes "relevant medical records." *Id.* at 3. On October 5, 2011,
3 Respondent filed responsive briefing including a lodgement of Petitioner's relevant medical
4 records. (ECF Nos. 10, 11). On October 21, 2011, Petitioner filed a reply to Respondent's
5 opposition in which he acknowledges receipt of Respondent's October 5, 2011 lodgements and
6 states that he "has refused and declined treatment for years" for his "mental disease and
7 disorder." (ECF No. 12 at 2). Petitioner states that he "hates counseling group attendance
8 treatment and medication therapy treatment" and has "chose[n] to self-heal." *Id.* at 4.

9 On November 29, 2011, the Magistrate Judge found that Petitioner failed to show "any
10 relevant and recent evidence of current incompetence, other than his own declaration, which
11 is refuted by legitimate medical records" and denied Petitioner's motion for an order to show
12 cause, discovery, evidentiary hearing, and appointment of counsel. (ECF No. 14).

13 On December 20, 2011, Respondent Vimal Singh filed a Motion to Dismiss on the
14 grounds that Petitioner's claims are untimely and procedurally defaulted. (ECF No. 15). On
15 January 5, 2012, Petitioner filed an opposition requesting that the Court "grant equitable tolling
16 per 28 USC 2244 based on the fact that he suffers from a mental disease/disorder which
17 prevented him from filing a timely... petition." (ECF No. 17). On January 5, 2012, Petitioner
18 filed a second Motion for an Order to Show Cause, Discovery, Evidentiary Hearing, and
19 Appointment of Counsel. (ECF No. 18).

20 On May 7, 2012, the Magistrate Judge issued a Report and Recommendation
21 recommending that the Petition for Writ of Habeas Corpus be denied and the Motion
22 requesting an Order to Show Cause, Discovery, an Evidentiary Hearing, and Appointment of
23 Counsel be denied. (ECF No. 19). The Magistrate Judge found the Petition to be untimely and
24 procedurally defaulted and that Petitioner is not entitled to equitable tolling.

25 On June 1, 2012, Petitioner filed objections to the Report and Recommendation in
26 which he reiterated the argument that his poor mental health prevented him from filing a timely
27 federal petition. (ECF No. 20). Petitioner states that he did not receive the Magistrate Judge's
28 August 16, 2011 order requesting briefing on Petitioner's mental health and that he did not

receive Respondent's October 5, 2011 lodgement of medical records. Petitioner attached medical records dated 1992 and 2001-2003 "as evidentiary documentation... for equitable tolling." *Id.* at 4, 12-33.

## DISCUSSION

The duties of the district court in connection with a Report and Recommendation of a Magistrate Judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1). When a party objects to a Report and Recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the [Report and Recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). When no objections are filed, the district court need not review the Report and Recommendation de novo. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1). This Court has reviewed the Report and Recommendation and the record in its entirety.

The Magistrate Judge correctly found that Petitioner filed his federal habeas petition in this Court more than eight and a half years after the one-year statute of limitations applicable to federal habeas petitions. The Magistrate Judge correctly found that the medical records submitted by both Respondent and Petitioner fail to demonstrate that Petitioner suffers from any mental disorder which precluded him from filing a timely federal petition. Petitioner states that he did not receive the Magistrate Judge's August 16, 2011 Order to submit evidence addressing Petitioner's mental health. Petitioner had the opportunity to submit such evidence in his reply to Respondent's briefing on that matter and in his objection to the Report and Recommendation which outlines the content of the August 16, 2011 Order. Petitioner did submit mental health records with his Petition (ECF No. 1, Exh. C) and objections (ECF No. 20 at 12-33). These records do not address Petitioner's mental health for the relevant tolling period in the eight and a half years prior to his 2011 filing in federal court. The Magistrate Judge correctly concluded that Petitioner failed to show that his medical condition, and not his

own lack of diligence, was the proximate cause of his untimeliness. The Magistrate Judge correctly concluded that the limitations period should not be equitably tolled for Petitioner.

The Magistrate Judge correctly found that federal habeas relief is unavailable to Petitioner because his claims are procedurally defaulted. The Magistrate Judge correctly concluded that Petitioner's alleged mental disorder does not constitute cause to excuse the default. The Magistrate Judge correctly concluded that Petitioner failed to show any prejudice that would excuse the default. The Magistrate Judge correctly concluded that no miscarriage of justice would result if Petitioner's claims are not heard by this Court on the merits.

The Magistrate Judge correctly concluded that Petitioner's motion for an order to show cause, discovery, evidentiary hearing, and appointment of counsel should be denied for the same reasons stated in the Magistrate Judge's November 29, 2011 Order, specifically that Petitioner has failed to show such evidence of mental incompetence that would require the Court to grant any of the requested relief.

## CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 19) is adopted in its entirety. The Motion for an Order to Show Cause, Discovery, Evidentiary Hearing, and Appointment of Counsel filed by Petitioner (ECF No. 18) is DENIED. The Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED.

DATED: August 8, 2012

**WILLIAM Q. HAYES**
United States District Judge